IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2015 DEC 18  PM 2:59
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

| | |
|---|---|
| ANNETTE SALDIVAR,<br>　　　　　　Plaintiff, | |
| -vs- | Case No. A-14-CA-117-SS |
| AUSTIN INDEPENDENT SCHOOL DISTRICT,<br>　　　　　　Defendant. | |

# <u>O R D E R</u>

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Austin Independent School District (AISD)'s Motion to Deny Award of Liquidated Damages to Plaintiff [#74] and Plaintiff Annette Saldivar (Saldivar)'s Response [#78]; Saldivar's Opposed Motion for Entry of Judgment under Rule 54(b) [#75]; and AISD's Motion for Judgment as a Matter of Law and, Alternatively, Motion for New Trial [#76] and Saldivar's Response [#77]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

## Background

A jury trial was held in this Fair Labor Standards Act (FLSA) case from November 30, 2015, to December 3, 2015.[1] The jury heard the evidence in the case and returned with a verdict on December 3, answering the following question affirmatively: "Has Plaintiff Annette Saldivar proved by a preponderance of the evidence that Defendant Austin Independent School District failed to pay

---

[1] The Court previously entered an order on September 24, 2015, granting summary judgment in AISD's favor as to Saldivar's Age Discrimination in Employment Act (ADEA) claims and denying Saldivar's motion for partial summary judgment on her FLSA claim. *See* Order of Sept. 24, 2015 [#47].

her the overtime pay required by law?" The jury concluded Saldivar had worked 80 hours of uncompensated overtime during the two-year period from February 5, 2012, to February 4, 2014. The jury further concluded AISD had not acted willfully, so the jury did not consider whether Saldivar had worked uncompensated overtime from February 5, 2011, to February 4, 2012. Because the parties stipulated Saldivar's overtime rate of pay was $27.14 per hour, the jury verdict of 80 hours of overtime amounts to $2,171.20 in damages.

On December 8, 2015, the parties filed the instant motions. AISD filed a motion to deny an award of liquidated damages to Saldivar. In addition, AISD moves for judgment as a matter of law, arguing Saldivar failed to meet her burden of proof by establishing the amount and extent of overtime she was due. In the alternative, AISD moves for new trial, again arguing Saldivar failed to meet her initial burden of proof and claiming the Court erred in its instructions to the jury. At the same time, Saldivar moves for entry of judgment, requesting this Court enter an express judgment in her favor. The Court now turns to the substance of these motions.

## Analysis

### I. Liquidated Damages

#### A. Legal Standard

Under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Liquidated damages in this context are compensatory, not punitive; they "constitute[] compensation for the retention of a work[er]'s pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

The district court can decline to award such damages, or reduce the amount awarded, if the court concludes the employer acted in "good faith" and had "reasonable grounds" to believe its actions complied with the FLSA. 29 U.S.C. § 260. An employer, however, "faces a substantial burden of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA." *Singer v. City of Waco*, 324 F.3d 813, 823 (5th Cir. 2003) (internal quotes omitted) (quoting *Bernard v. IBP, Inc.*, 154 F.3d 259, 267 (5th Cir. 1998)). A finding the employer did not act willfully is not sufficient to establish it acted in good faith. *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997) (citing *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 909 (3d Cir. 1991)). Additionally, even if the district court determines the employer acted in good faith and with a reasonable belief its actions were legal, the court may nevertheless award liquidated damages. *Bernard*, 154 F.3d at 267 (citing *Lee v. Coahoma Cnty.*, 937 F.2d 220, 226 (5th Cir. 1991)).

**B.     Application**

AISD argues the Court should exercise its discretion to withhold liquidated damages in this case, because AISD acted in good faith and had reasonable grounds to believe that its actions complied with the FLSA. The Court agrees.

AISD used a web-based time-keeping system called "Workforce" to track non-exempt employees' hours. Saldivar was responsible for recording her own time by "clocking in" when she arrived in the morning and "clocking out" during her lunch breaks and at the end of the day. Saldivar was in charge of correcting hours entered on Workforce by other non-exempt employees and submitting these records to Deanna McParland, Saldivar's immediate supervisor, for approval. Saldivar was required to submit corrections of her own time record directly to McParland for approval. Saldivar's Workforce Comments to McParland reflect that she notified McParland on at

least one occasion that she had worked through lunch. At trial, Saldivar admitted that she was paid for all the time she reported in Workforce, including the overtime hours she reported working during lunch and various other instances of overtime work she chose to report.

Moreover, Saldivar further admitted that she never informed the Kocurek Elementary administrators (Deanna McParland, Rebecca Phillips, and Helen Garcia) that she was intentionally reporting fewer hours in Workforce than she was actually working. Nor did Saldivar complain to anyone at AISD that she was not being paid for off-the-clock overtime. Accordingly, it was reasonable for the Kocurek Elementary administrators to conclude Saldivar was reporting all the hours she worked in Workforce. In light of this evidence, the Court concludes AISD acted in good faith and had reasonable grounds to believe that its actions complied with the FLSA. As a result, the Court declines to award Saldivar liquidated damages.

## II.    AISD's Motion for Judgment as a Matter of Law

### A.    Legal Standard

"Under the standard articulated in FED. R. CIV. P. 50(a), a district court properly grants a motion for judgment as a matter of law only when 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on that issue.'" *Anthony v. Chevron USA, Inc.*, 284 F.3d 578, 582–83 (5th Cir. 2002) (quoting FED. R. CIV. P. 50(a)). In order to submit an issue to the jury, "the evidence must be sufficient so that [the] jury will not ultimately rest its verdict on mere speculation and conjecture." *Id.* The court considers "all the evidence presented at trial in the light most favorable to the non-moving party." *Id.*

**B.     Application**

AISD argues it is entitled to judgment as a matter of law because Saldivar failed to meet her burden of proof by establishing the amount and extent of unpaid overtime as a matter of just and reasonable inference. However, the jury had more than enough evidence to decide this issue and find for Saldivar. Saldivar produced the testimony of Christina Lavalliere, Rosie Bradshaw, and Carol Coover, all of whom testified that Saldivar and the other front office staff employees would regularly clock out for lunch but continue working at their desks. Indeed, Lavalliere testified she saw the other front office staff eating and working during lunch 90% of the time.

At trial, Saldivar produced a highlighted calendar showing an early estimate of the days Saldivar worked overtime (either by coming in early or working through lunch). In conjunction with testimony from Lavalliere, Bradshaw, and Coover, this evidence supports Saldivar's position that she worked through lunch most days. Nevertheless, AISD argues that the jury must have speculated as to the amount of unpaid overtime Saldivar was due, because Saldivar requested approximately 157 hours of overtime pay and the jury awarded only 80 hours. However, the jury was not required to accept Saldivar's exact approximation. *See United States v. Merida*, 765 F.2d 1205, 1220 (5th Cir. 1985) ("[A] jury may choose to believe part of what a witness says without believing all of that witness's testimony."). Based on the testimony presented at trial, a reasonable jury could have concluded Saldivar worked 80 hours of unpaid overtime. As a result, AISD's motion for judgment as a matter of law is DENIED.

### III. AISD's Motion for New Trial

#### A. Legal Standard

A motion for new trial may be granted if the jury's verdict was against the great weight of the evidence, the trial was unfair, or some prejudicial error was committed during the trial. FED. R. CIV. P. 59; *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985); *Conway v. Chem. Leaman Tank Lines, Inc.*, 610 F.2d 360, 363 (5th Cir. 1980). As with a Rule 50(b) motion, the Court views the evidence "in the light most favorable to the jury verdict." *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991).

#### B. Application

AISD moves in the alternative for a new trial, arguing (1) the verdict was against the great weight of the evidence given Saldivar's failure to meet her initial burden of establishing the amount and extent of overtime she was due, and (2) the jury instructions were prejudicial, because they failed to comply with *Anderson v. Mt. Clemens Pottery Co.*, which requires a plaintiff to produce sufficient evidence "to show the amount and extent of that work as a matter of just and reasonable inference." 328 U.S. 680, 687–88 (1946).

AISD's first argument is rejected. As noted above, there was sufficient evidence to support the jury's determination of the amount of unpaid overtime Saldivar worked. *See supra* section II.B.

AISD's next objection relates to the following jury instruction:

> If you find that Defendant Austin Independent School District failed to keep adequate time and pay records for Plaintiff Annette Saldivar and that Plaintiff Annette Saldivar performed overtime work for which she should have been paid, Plaintiff Annette Saldivar may recover a reasonable estimation of the amount of her damages. But to recover this amount, *Plaintiff Annette Saldivar must prove by a preponderance of the evidence a reasonable estimate of the overtime hours worked for which she seeks payment.*

Mot. J. Matter of Law [#76] at 6. Specifically, AISD argues *Anderson* requires Saldivar to produce more than just a reasonable estimate of the overtime hours worked; instead, she must "show the amount and extent of that work as a matter of just and reasonable inference." *Anderson*, 328 U.S. at 687.

However, in *Anderson*, the Supreme Court expressly noted that an employee should not be penalized for her employer's failure to keep accurate records, because "[s]uch a result would . . . allow the employer to keep the benefits of an employee's labors without paying due compensation." *Id*. The Court further noted that an "employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept [adequate] records." *Id*. at 688.

AISD had the initial burden of keeping accurate records, and having failed to do so, cannot now complain that the amount of damages arising from its own statutory violation is too uncertain to merit the 80 hours of overtime the jury awarded Saldivar. Establishing a "reasonable estimate of the overtime hours worked" is sufficient to satisfy the standard set forth in *Anderson*. *Anderson* does not require more. Accordingly, the Court finds the jury instruction was not prejudicial.

IV.  **Saldivar's Motion for Entry of Judgment**

A.  **Legal Standard**

Under Rule 54(b) of the Federal Rules of Civil Procedure, where an action involves multiple parties or claims, the district court may direct entry of a final judgment "as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). In evaluating a motion made under Rule 54(b), a court must make two determinations. First, the court must determine that it is dealing with a "final judgment," or in other

words "a decision upon a cognizable claim for relief . . . that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (internal quote omitted). Second, the court must "determine whether there is any just reason for delay." *Id.*

**B.     Application**

Saldivar brings this motion under Rule 54(b) seeking, among other things,[2] separate judgments for her FLSA overtime claim, ADEA claim, and retaliation claim in order to "preserve[] the historic federal policy against piecemeal appeals." Mot. Entry J. [#75] at 4 (quoting *Curtiss-Wright Corp.*, 466 U.S. at 8).

Saldivar attempts to clarify the purpose of her Rule 54(b) motion by arguing, "there is no just reason to delay the FLSA Overtime Jury Verdict portion of the case as opposed to the remainder of the case." *Id.* However, the Court remains unclear as to what relief Saldivar is seeking. As an initial matter, there is no retaliation claim in this case for which the Court may direct an entry of a final judgment. The Court refused to allow a second amended complaint adding a retaliation claim months after the amended pleadings deadline had passed. Second, because Saldivar's ADEA claim, like her FLSA overtime claim, has reached an ultimate disposition, there is no delay in directing entry of a final judgment. The order the Court enters today disposes of Saldivar's FLSA and ADEA claims, the only claims at issue in this case. Accordingly, the Court DENIES Saldivar's motion.

---

[2] In her Rule 54(b) motion, Saldivar also requests liquidated damages and pre- and post-judgment interest. As noted above, the Court declines to award Saldivar liquidated damages. *See supra* section I.B. Moreover, prejudgment interest is not available for a damage award in a FLSA overtime case. *See Knowlton v. Greenwood Indep. Sch. Dist.*, 957 F.2d 1172, 1183 (5th Cir. 1992) (holding prejudgment interest is not available in FLSA actions to recover unpaid minimum wages, unpaid overtime compensation and liquidated damages). However, post-judgment interest is awarded as a matter of course under 28 U.S.C. § 1961. Accordingly, this Court awards post-judgment interest of .71% per annum until the judgment is fully paid.

## Conclusion

Accordingly,

IT IS ORDERED that Defendant Austin Independent School District's Motion to Deny Award of Liquidated Damages to Plaintiff [#74] is GRANTED;

IT IS FURTHER ORDERED that Defendant Austin Independent School District's Motion for Judgment as a Matter of Law and, Alternatively, Motion for New Trial [#76] is DENIED;

IT IS FURTHER ORDERED that Plaintiff Annette Saldivar's Motion for Entry of Judgment Under Rule 54(b) [#75] is DENIED;

IT IS FINALLY ORDERED that Plaintiff Annette Saldivar shall have and recover judgment against Defendant Austin Independent School District on her FLSA claim in the amount of TWO THOUSAND, ONE HUNDRED SEVENTY-ONE AND 2/100 DOLLARS ($2,171.20) with post-judgment interest at the rate of 0.71% per annum until judgment is fully paid.

SIGNED this the 18th day of December 2015.

SAM SPARKS
UNITED STATES DISTRICT JUDGE