IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2016 MAR 15  AM 11: 56

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

ANNETTE SALDIVAR,
                    Plaintiff,

-vs-                                             CAUSE NO.:
                                                 A-14-CA-00117-SS

AUSTIN INDEPENDENT SCHOOL
DISTRICT,
                    Defendant.

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Annette Saldivar's Opposed Motion for Attorney's Fees [#83], Defendant Austin Independent School District (AISD)'s Response [#85] thereto, and Saldivar's Reply [#87] in support; AISD's Bill of Costs [#81] and Saldivar's Miscellaneous Objections [#84]; and Saldivar's Bill of Costs [#82] and AISD's Miscellaneous Objections [#86]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

On February 5, 2014, Plaintiff Annette Saldivar filed suit against Defendant Austin Independent School District, alleging a violation of the Fair Labor Standards Act (FLSA) for failure to pay overtime wages and alleging age discrimination under the Age Discrimination in Employment Act (ADEA). *See* Compl. [#1]. On June 22, 2015, Saldivar moved for summary judgment on her FLSA claim, and AISD moved for summary judgment on Saldivar's FLSA and ADEA claims. *See* Def.'s Summ. J. Mot. [#30]. The Court granted AISD's motion as to Saldivar's ADEA claim, finding Saldivar failed to make a prima facie showing that she was

terminated because of her age, but denied both parties' motions as to Saldivar's FLSA claim, finding there was a fact issue as to whether Saldivar worked uncompensated overtime hours AISD knew or should have known about. *Id.*

The case proceeded to jury trial on Saldivar's FLSA claim. Jury selection took place on the morning of November 30, 2015, with trial beginning immediately thereafter. Saldivar rested her case the following day on December 1, 2015. After Saldivar rested, AISD moved for judgment as a matter of law, which the Court denied. The trial continued until AISD rested its case later that day. AISD reurged its motion for judgment as a matter of law, which the Court again denied. Thereafter, Saldivar moved for judgment as a matter of law and later amended this motion. The Court denied both motions. Before the case was submitted to the jury, Saldivar again reurged her motion for judgment as a matter of law, which the Court denied. The case was submitted to the jury on December 2, 2015.

On December 3, 2015, the jury returned a verdict finding Saldivar had worked 80 hours of uncompensated overtime during the applicable two-year period. *See* Verdict Form [#70] at 1–2. Because the parties stipulated Saldivar's overtime rate of pay was $27.14 per hour, the jury verdict of 80 hours of overtime amounted to $2,171.20 in damages. *See* Order of Dec. 18, 2015 [#79] at 2.

Following the verdict, Plaintiff filed a motion for entry of judgment, *see* Mot. J. [#75], and AISD filed its renewed motion for judgment as a matter of law, or alternatively, motion for new trial, arguing Saldivar failed to meet her burden of proof by establishing the amount and extent of unpaid overtime. *See* Renewed Mot. J. [#76]. AISD also filed a motion asking this Court to deny an award of liquidated damages to Saldivar on her FLSA claim. *See* Mot. Deny Liq. Damages [#74]. On December 18, 2015, the Court denied AISD's renewed motion for

judgment as a matter of law, finding a reasonable jury could have concluded Saldivar worked 80 hours of unpaid overtime, but granted its request to deny Saldivar liquidated damages. *See* Order of Dec. 18, 2015 [#79]. Thereafter the Court entered judgment against AISD in the amount of $2,171.02, with post-judgment interest to accrue on Saldivar's award at 0.71% per annum until paid. *Id.* at 8 n.2. Saldivar appealed the judgment to the Fifth Circuit on January 18, 2016. *See* Not. Appeal [#89].

Saldivar has now moved for an award of attorney's fees and costs, requesting an award of $172,042.50 in fees arising from the approximately 491 hours counsel Robert Notzon billed at $350.00 per hour. *See* Mot. Att'y Fees [#83]. Saldivar also filed a separate bill of costs, requesting taxation of $3,537.33 against AISD. *See* Pl.'s Bill Costs [#82]. AISD does not object to an award of attorney's fees, only the amount. AISD argues any award over $22,000 is "grossly excessive," and further objects to Saldivar's bill of cost. *See* Resp. [#85] at 10. AISD also filed a bill of costs, requesting taxation of $5,035.30 against Saldivar. *See* Def.'s Bill Costs [#81]. Saldivar objects to $1,413.40 of these costs. *See* Pl.'s Obj. [#84] at 1. The Court now turns to the substance of Saldivar's motion and the parties' bills of costs.

## Analysis

### I.   Motion for Attorney's Fees—Fair Labor Standards Act

The Fair Labor Standards Act provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). While, as in all cases where a court entertains a motion for attorney's fees, "'the most critical factor in determining a fee award is the degree of success obtained,'" *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003) (quoting *Romaguera v. Gegenheimer*, 162 F.3d 893, 896 (5th Cir. 1998)), in an FLSA

action, "'an attorney's failure to obtain every dollar sought on behalf of his client does not automatically mean that the modified lodestar amount should be reduced.'" *Id.* at 830 (quoting *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 558 (7th Cir. 1999)).

## II.     Application

## A.     Calculation of Attorney's Fees

The Fifth Circuit uses a two-step process to calculate attorney's fees. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). First, a court calculates a "lodestar" figure "by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Id.* In so doing, the court considers whether the attorneys demonstrated proper billing judgment by "writing off unproductive, excessive, or redundant hours." *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The plaintiff has the burden of showing the reasonableness of the hours billed and proving the exercise of billing judgment. *Id.* at 770. "The court should exclude all time that is excessive, duplicative, or inadequately documented [and] [t]he hours surviving this vetting process are those reasonably expended in litigation." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

After calculating the lodestar, the court may increase or decrease it based on the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). *Heidtman*, 171 F.3d at 1043. Those factors are: (1) the time and labor required by the litigation; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney;

(10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *Id.* at 1043 n.5 (citing *Johnson*, 488 F.2d at 717–19).

Where a prevailing party was only partially successful, the court must consider two further issues: first, the relationship between the claims on which the plaintiff succeeded and those on which he did not, and second, whether the plaintiff achieved a level of success that makes the hours expended a satisfactory basis for a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Specifically, in a suit where the plaintiff presents "distinctly different claims for relief that are based on different facts and legal theories[,] . . . work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved"; thus, no fee award for that work is permitted. *Id.* at 434–35 (internal quotes omitted). In contrast, where the suit "involve[d] a common core of facts" or was "based on related legal theories," the court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435.

Saldivar argues her fee request is reasonable and should be fully awarded. She contends counsel exercised billing judgment by eliminating hours spent on Saldivar's age discrimination and retaliation claims. Although AISD does not oppose Notzon's hourly rate, Saldivar argues his rate is reasonable and within the range of rates charged by attorneys who practice in Austin and specialize in employment litigation. *See* Mot. Att'y Fees [#83] at 9–10. Saldivar finally argues no downward adjustment in the lodestar is warranted given the degree of success Saldivar obtained, the undesirability of the case in light of the small claims involves, and the fact that counsel took this case on contingency.

AISD, for its part, objects to Saldivar's fee request, arguing Saldivar's counsel failed to exercise billing judgment. AISD further contends a downward adjustment of the lodestar is appropriate given the small amount of damages awarded and Saldivar's limited success in comparison to similar cases. Specifically, AISD requests (1) an initial reduction of 33% to account for Saldivar's counsel's failure to exercise billing judgment and (2) a downward reduction in the lodestar resulting in a lodestar of no more than 10 times the amount of damages Saldivar was awarded at trial.

i.     **Reasonableness of Hours Expended**

AISD objects to the hours billed by Saldivar's counsel as unreasonable, arguing they are excessive and include billing for unsuccessful claims and clerical work. The Court addresses each objection in turn.

a.  **Excessive Billing**

AISD claims Saldivar's counsel spent an excessive amount of time (1) reviewing AISD's Response to Saldivar's motion in limine, (2) preparing Saldivar's motion for entry of judgment, and (3) discussing discovery exhibits with AISD's counsel. A careful review of the entries reveals they were excessive.

In particular, the Court agrees the amount of time Saldivar's counsel spent reviewing AISD's response was excessive. AISD's response contained two pages of substantive argument. A reasonable attorney could have reviewed these four short paragraphs in five minutes rather than one hour. Similarly, the Court agrees the nine hours Saldivar's counsel spent preparing Saldivar's Motion for Entry of Judgment, which amounted to six pages in length, is excessive. *See* Mot. J. [#75]. Moreover, given AISD's assertion that the parties discussed discovery exhibits for ten minutes on November 12, 2015 rather than the one and a half hours Notzon claimed, the

Court finds the amount billed by Saldivar's counsel is excessive. The fee award should therefore be reduced to account for Notzon's excessive billing.

AISD also claims the twelve hours billed in regards to Saldivar's damages expert should be struck, either because the hours are barred by a per se rule or they were excessive. While expert witness fees are not recoverable under the FLSA, *see Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 405 (5th Cir. 2002), AISD has cited no authority for the proposition that Saldivar may not recover attorney's fees for time spent on expert witness tasks "where she cannot even recover the underlying expert's fees." Resp. [#85] at 8. Nevertheless, the Court agrees the twelve hours Saldivar's counsel spent on tasks related to Saldivar's damages expert is excessive. A damages expert would have been wholly unnecessary at trial given the simple damages calculation the jury was tasked with: multiply the number of unpaid overtime hours (80) by the stipulated overtime amount ($27.14) to reach the damage award ($2,170.20). Accordingly, the Court reduces the number of hours billed on tasks related to the damages expert by 75%.

### b. Billing for Unsuccessful Claims

AISD claims Saldivar failed to exercise billing judgment by writing off hours billed on unsuccessful claims. Where a plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. *See Fox v. Vice*, 131 S. Ct. 2205, 2214 (2011) ("The fee award, of course, should not reimburse the plaintiff for work performed on claims that bore no relation to the grant of relief.").

In this case, AISD provides at least one example that gives rise to the reasonable inference Notzon billed for Saldivar's unsuccessful age discrimination claim, a claim which is wholly distinct from Saldivar's FLSA claim. Specifically, Notzon billed 1.5 hours for "[i]nitial

discussion [with Saldivar] and review of email and documents" on November 12, 2013, and 2.5 hours the next day for "initial meeting with [Saldivar] re: her case [and] email to [Mel Waxler] at AISD with notice of settlement." Mot. Att'y Fees [#83-1] Ex. A-9 (Notzon Fees) at 26–40. In his email to Waxler, Notzon asserted both of Saldivar's claims under the FLSA and the ADEA. Nevertheless, Notzon did not reduce these entries to account for the time spent on Saldivar's unsuccessful age discrimination claim. The fee award should therefore be reduced to reflect Notzon's failure to account for time spent on unsuccessful claims

AISD also argues Saldivar should not recover attorney's fees for the time Notzon spent litigating whether AISD acted willfully, writing a motion for liquidated damages, and responding to AISD's motion to deny Saldivar liquidated damages, because Saldivar was not ultimately successful on these issues. However, "a litigant 'who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage.'" *Air Transp. Ass'n of Can. v. FAA*, 156 F.3d 1329, 1335 (D.C. Cir.1998) (quoting *Cabrales v. Cty. of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991)). The Fifth Circuit has also held that "a party may recover for time spent on unsuccessful motions so long as it succeeds in the overall claim." *DP Solutions, Inc. v. Rollins*, Inc., 353 F.3d 421, 434 (5th Cir. 2003). Although Saldivar was unable to establish that AISD acted willfully or that she was entitled to liquidated damages, the Court finds Notzon's actions were a necessary step to Saldivar's ultimate victory. To hold otherwise would discourage counsel from zealously advocating for their clients, because they fear their actions may not be fully compensated. Saldivar ultimately prevailed on her FLSA claim, and this Court will not second-guess each strategic decision simply because it has the benefit of hindsight.

Finally, Saldivar's counsel billed numerous hours on written discovery and depositions, but failed to specify whether these discovery time entries relate to discovery on Saldivar's overtime claim or her age discrimination claim. *See, e.g.*, Notzon Fees at 30. Because such vague time entries fail to meet Saldivar's burden of establishing the reasonableness of the hours expended, these hours must be excluded from the lodestar figure.

### c.  Clerical Work

AISD contends Saldivar seeks attorney's fees for clerical work Notzon himself performed. It is well established that "[c]lerical work performed by an attorney is not recoverable at an attorney's rate." *Johnson*, 488 F.2d at 717. While no single test determines whether a task is legal or clerical, clerical work generally includes "factual investigation . . . assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 (1989). After a thorough review of the record, the Court finds numerous instances where Notzon billed for time spent performing clerical tasks like scheduling meetings and depositions, forwarding documents, filing court documents, entering deadlines, requesting transcripts, and mailing checks.

Nevertheless, a finding that some of the hours billed were for clerical work does not justify a complete denial of the fee request. *See Cruz v. Hauck*, 762 F.2d 1230, 1235 (5th Cir. 1985) ("A finding that some of the hours claimed were for clerical work may justify compensating those hours at a lower rate . . . ; it does not, however, justify complete denial of the fee request."). To determine the reduced hourly rate for non-legal work, the Court finds guidance from federal courts sitting in Texas which have found a range of $60 to $200 to constitute a reasonable hourly rate for paralegal work. *See, e.g.*, *Davis v. Perry*, No. CIV. SA-11-CA-788,

2014 WL 172119, at *2 (W.D. Tex. Jan. 15, 2014) (noting the median paralegal hourly rate in San Antonio was $107); *Richardson v. Tex-Tube Co.*, 843 F. Supp. 2d 699, 709 (S.D. Tex. 2012) (finding a paralegal hourly rate of $125 to be reasonable); *Structural Metals, Inc. v. S & C Elec. Co.*, No. SA-09-CV-984-XR, 2013 WL 3790307, at *10 (W.D. Tex. July 19, 2013) (awarding $60 per hour for legal assistant with 16 years of experience). While neither party has submitted evidence as to the prevailing market rate of a paralegal working in the Austin area, the Court finds $125 is a reasonable hourly rate to charge for Notzon's clerical work. The reduction in the hourly rate for time spent performing non-legal work is as follows[1]:

| Date | Description | Hours Reasonably Expended | Lodestar |
|------|-------------|---------------------------|----------|
| 12/13/2013 | going over AS's responses to AISD allegations and establishing further details of her claims and organizing witness statement scheduling | 0.5[2] | $62.50 |
| 12/15/2013 | scheduling a meeting with AS and witness | 0.1 | $12.50 |
| 12/16/2013 | scheduling a meeting w/ AS and witness | 0.1 | $12.50 |
| 1/22/2014 | r&r of MW email from MH asking for AS OT spreadsheet and providing MW with it | 0.3 | $37.50 |
| 2/5/2014 | filing Complaint and associated docs | 1 | $125 |
| 2/6/2014 | r&r of AISD's waiver and filing it with the | 0.5 | $62.50 |

[1] This chart represents a conservative estimate of the clerical hours Notzon billed. Although AISD believes "communications on routine, non-legal issues" between Saldivar and AISD were clerical in nature, these communications are not included in this chart. *See* Resp. [#85] at 6.

[2] Notzon billed 2.5 hours in total for this time entry. The Court determines the hours reasonably expended in "organizing witness statement scheduling" is 0.5 hours.

|  | court |  |  |
|---|---|---|---|
| 5/30/2014 | r&r of Scheduling Order and entry of deadlines | 0.25 | $31.25 |
| 6/18/2014 | discussion w/ AS regarding AISD witness list and contacting witnesses | 1.5 | $187.50 |
| 8/11/2014 | scheduling meeting w/ witness | 0.1 | $12.50 |
| 8/21/2014 | trying to schedule meeting to finalize statement for witness | 0.1 | $12.50 |
| 8/22/2014 | further efforts to schedule meeting with witness | 0.25 | $31.25 |
| 8/25/2014 | trying to schedule appointment with witness again – no luck | 0.25 | $31.25 |
| 11/5/2014 | working with AS to modify and make more accurate the 11/5/14 OT spreadsheet using the alarm code data | 0.25 | $31.25 |
| 11/6/2014 | continuing to work on the OT spreadsheet modifications | 2 | $250.00 |
| 3/2/2015 | scheduling meeting w/ AS | 0.1 | $12.50 |
| 3/11/2015 | update w/ AS on witness contact | 0.25 | $31.25 |
| 3/24/2015 | reporting to court reporter that the depositions this week have been postponed | 0.1 | $12.50 |
| 4/14/2015 | confirming the depos with court reporter | 0.1 | $12.50 |
| 4/22/2015 | setting AS depo for May 8th | 0.5 | $62.50 |
| 4/24/2015 | SJ deadline reset | 0.1 | $12.50 |
| 5/7/2015 | checking with AISD on recent production and attached documents missing | 0.25 | $31.25 |

| | from production | | |
|---|---|---|---|
| 5/8/2015 | paying      for      depo invoices | 0.25 | $31.25 |
| **Total:** | | 8.85 hours | $1,106.25 |

According to this chart, the lodestar should be reduced by $1,991.25 to account for the clerical hours Notzon worked.

In sum, where, as here, there is scant evidence of billing judgment, the proper remedy is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment. *See Walker*, 99 F.3d at 770. After careful scrutiny of the record, the Court concludes a 5% reduction in the number of hours claimed by Notzon, in addition to the $1,991.25 reduction for clerical work, constitutes an appropriate offset to compensate for excessive billing and billing for unsuccessful claims and an unnecessary expert witness.

### ii.    Calculation of the Lodestar

Reasonable hourly rates are determined by looking to the prevailing market rates in the relevant legal community for similar services by attorneys of "reasonably comparable skills, experience, and reputation." *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). AISD does not challenge Saldivar's counsel's rate of $350 per hour, and therefore the Court finds this hourly rate reasonable for the Austin area.

Accordingly, the Court calculates the lodestar for Saldivar's counsel as follows: 458 hours at $350/hour and 8.85 hours at $125/hour, which amounts to $161,406.25 in total fees.

### iii.    Reduction in Lodestar

AISD argues the lodestar should be reduced to account for Saldivar's limited success in the litigation. AISD primarily argues: (1) Saldivar recovered less than 20% of the damage award she sought at trial and seeks attorneys' fees in an amount that is more than 79 times the amount

of damages she was awarded, and (2) the award Saldivar seeks is in gross excess of awards granted in similar cases.

The Court agrees that a reduction in the lodestar amount is warranted in this case. Although Saldivar received vindication in this case by establishing AISD failed to pay her overtime, "[v]indication . . . is not as weighty of a factor as monetary success." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 801 (5th Cir. 2006). "[T]he most critical factor in determining an attorney's fee award is the degree of success obtained," *id,* at 799, although the "failure to obtain every dollar sought on behalf of [the] client does not automatically mean the modified lodestar amount should be reduced." *Singer*, 324 F.3d at 830. Indeed, a low damages award, while proper to consider, should not alone lead to a reduction of the lodestar amount. *Saizan*, 448 F.3d at 799.

In *Saizan*, the Fifth Circuit found the district court's reduction of the fee award was not an abuse of discretion, where the district court reduced the award of attorney's fees in proportion to the difference between the initial amount requested and the ultimate settlement amount. *Id.* at 803. Similarly, in *Migis v. Pearle Vision, Inc.*, the Fifth Circuit reversed an award of attorney's fees where the plaintiff requested twenty-six times the damages actually awarded and the resultant fee award was over six-and-one-half times the amount of damages awarded. 135 F.3d 1041, 1048 (5th Cir. 1998). In this case, Saldivar's monetary success was limited compared to the amount she sought at trial: Saldivar recovered just $2,171.20 of the over $12,000 in unpaid overtime she sought. Moreover, the requested fee is over 79 times the amount of damages awarded. Like the Fifth Circuit in *Migis*, the Court concludes these ratios are simply too large to stand. Accordingly, the lodestar must be reduced to reflect a reasonable fee in relation to the result obtained.

In addition, the fee awarded in similar cases militates in favor of a downward adjustment. *See, e.g., Barfield v. N.Y.C. Health and Hosps. Corp.*, 537 F.3d 132, 151–52 (2d Cir. 2008) (affirming the district court's 50% reduction in lodestar); *Int'l Bhd. of Carpenters v. G.E. Chen Const., Inc.*, 136 F. App'x 36, 39 (9th Cir. 2005) (affirming the district court's 67% reduction in lodestar); *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1326 (M.D. Fla 2001) (reducing the lodestar by 67%).

The remaining *Johnson* factors do not weigh in favor or against an adjustment in the lodestar amount. The Court therefore finds an 82% proportional reduction in the lodestar amount appropriately accounts for Saldivar's limited success and the amount awarded in similar cases. Accordingly, the Court awards Saldivar a total of $29,053.12 in attorney's fees.

**B.     Taxable Costs under 28 U.S.C. § 1920**

Both Saldivar and AISD have submitted bills of costs under 28 U.S.C. § 1920. The Court addresses each in turn.

### i.     Saldivar's Bill of Costs

Saldivar has requested $3,537.33 in taxable costs. AISD objects to this request, arguing (1) expert witness fees are not recoverable as costs in an FLSA lawsuit; (2) Saldivar should not recover the entire cost of her damages expert's deposition; (3) the deposition of Kristen Foster (AISD's Director of Employee Relations) was wholly unrelated to Saldivar's overtime claim; (4) the transcript of the June 30th status conference was unnecessary; and (5) Saldivar did not properly document the $20.00 fee she requests for "open records copies of AISD paystubs," and according to AISD, Saldivar received these records from AISD during discovery at no cost. *See* Pl.'s Bill Costs [#82-1] Ex. 1 (Costs Spreadsheet) at 1.

Under 28 U.S.C. § 1920, a court may tax the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts, interpreters, and special interpretation services. 28 U.S.C. § 1920.

In this case, the Court finds $2,234.70 of the $3,537.33 total costs Saldivar seeks—comprised of filing fees, fees for printed or electronically recorded transcripts, and the cost of depositions—are reasonable and properly taxable. The Court declines to tax the remaining costs. Concerning expert witness trial fees, the United States Supreme Court has held that "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in § 1920." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438 (1987). Because the FLSA does not expressly award expert witness fees for non-court-appointed expert witnesses, the Court declines to tax the expert witness fee of Thomas Glass. *See Tyler v. Union Oil Co. of California*, 304 F.3d 379, 405 (5th Cir. 2002) ("There is no express statutory authority in the . . . the FLSA to award expert witness fees for other than court-appointed expert witnesses."). The Court further declines to tax the full cost of deposing Glass, since Saldivar herself admits the split of costs should be "50–50" where Saldivar's FLSA and ADEA claims were both discussed. Pl.'s Obj. [#84] at 1. Glass analyzed both causes of action, *see* Def.'s Obj. [#86-1] Ex. A (Thomas Glass Letter) at 2, and as the prevailing party on only one of these claims, Saldivar may not recover the full cost.

In addition, Kristen Foster's deposition is not recoverable, because it related almost entirely to Saldivar's unsuccessful age discrimination claim and Saldivar has failed to

demonstrate how this deposition was necessary for use in trial. *See* Def.'s Obj. [#86-2] Ex. B (Foster Dep.) at 17:16–18:22; *see also Villaneuva-Gonzalez v. Grainger Farms, Inc.*, No. 2:09-CV-716-ftM-36DNF, 2011 WL 5834677, at *9 (M.D. Fla. Aug. 9, 2011) ("[T]he Court recommends that the costs associated with the depositions not be taxed as the depositions were related to the issues of class certification; the Plaintiffs did not prevail on that issue, and the Plaintiffs failed to provide support that these depositions were 'necessarily obtained for use in the case.'").

Finally, the $20.00 fee Saldivar requests for "open records copies of AISD paystubs" was not properly documented, and according to AISD, Saldivar did not even pay this fee. *See* Def.'s Obj. [#86] at 2. Section 1920(4) authorizes costs for "copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Bill of Costs form used in this District has a "Special Note" requiring the prevailing party to "[a]ttach to your bill an itemization and documentation for requested costs in all categories." *See, e.g.*, Pl.'s Bill Costs [#82] at 1. Because Saldivar has not produced itemization or documentation with the required specificity for the $20.00 cost, and AISD claims Saldivar received these records from AISD during discovery at no cost, the Court declines to tax AISD the $20.00 fee. In sum, the Court authorizes $2,234.70 in taxable costs against AISD.

### ii.     AISD's Bill of Costs

As the prevailing party on Saldivar's ADEA claim, AISD seeks to recover costs in the amount of $5,035.30 for service of summons and printed or electronically recorded transcripts. Saldivar objects to this request, arguing (1) AISD erroneously claims it is entitled to 66% of the costs of several depositions without proving its assertion that more discovery was conducted on Saldivar's age discrimination claim; (2) AISD should not recover 50% of the deposition costs for

Saldivar's expert witness, because Saldivar believes AISD was "merely running up the costs on Saldivar"; and (3) none of the costs for the subpoenas of Carol Coover, Susan Akers, and Rosie Bradshaw should be allowed, since AISD did not ask Saldivar if these witnesses would appear voluntarily before subpoenaing them and a "rush fee" was not reasonably necessary.

The Court finds $4,736.32 of the $5,035.30 total costs AISD seeks are reasonable and properly taxable. As an initial matter, Saldivar does not object to AISD receiving the full cost of the following depositions: Nydia Maldonado, Alan Stevens, Patti LeCornu, Adreayn Wilson, Brian Vandewalle, Officer Malcom Monroe, Detective Lance Cox, and Lori Lee. Saldivar does, however, object to AISD recovering any costs from the depositions of Glass, Bradshaw, Akers, Coover, and Chris Evoy. There is a strong presumption "that the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption since denial of costs is in the nature of a penalty." *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977). Saldivar has failed to establish that these depositions related solely to her overtime claim, and indeed the Court concludes above that Glass's deposition should be split 50–50. *See supra* section II.B.i. At the same time, however, AISD has failed to provide support for its bald assertion that it should recover 66% of costs since "the majority of the discovery in this case" related to Saldivar's age discrimination claim. *See* Def.'s Bill Costs [#81] at 2. The Court therefore concludes the costs of Bradshaw, Akers, Coover, and Evoy's depositions should be taxed evenly between Saldivar and AISD.

As for the remaining depositions of Annette Saldivar, Michael Houser, Kristen Foster, Melvin Waxler, Deanna McParland, and Christina LaValliere, Saldivar argues the costs should be split evenly. With the exception of Foster's deposition, which the Court concludes above

should be wholly taxed against Saldivar, the Court agrees. In sum, the Court authorizes $4,598.17 in taxable costs against Saldivar for these depositions.

Finally, Saldivar argues AISD should not recover the costs of subpoenaing Coover, Akers, and Bradshaw, because (1) AISD did not ask Saldivar if these witnesses would appear voluntarily before issuing a subpoena and (2) the "rush fees" were not reasonably necessary. As to Saldivar's first argument, there is no guarantee that a witness will voluntarily appear at a deposition simply because she previously provided a sworn statement. AISD had a right to subpoena these witnesses to secure their presence at the depositions, and therefore has a right to recover these costs.

As to Saldivar's second argument, however, the Court agrees. Section 1920(1) does not specifically provide for the recovery of costs incurred as a result of rush service of subpoenas, and AISD has not shown expedited service of the subpoena was reasonably necessary. Accordingly, the Court awards AISD $138.15 in taxable costs associated with fees for the service of subpoenas. In sum, the Court authorizes $4,736.32 in taxable costs against Saldivar.

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiff Annette Saldivar's Opposed Motion for Attorney's Fees [#83] is GRANTED in part and DENIED in part as described in this opinion;

IT IS FURTHER ORDERED that Defendant Austin Independent School District's Bill of Costs [#81] is GRANTED in part and DENIED in part as described in this opinion;

IT IS FURTHER ORDERED that Plaintiff Annette Saldivar's Bill of Costs [#82] is GRANTED in part and DENIED in part as described in this opinion;

IT IS FINALLY ORDERED that the Clerk of Court tax costs against Plaintiff Annette Saldivar in the amount of $2,501.62.

SIGNED this the _15th_ day of March 2016.

_Sam Sparks_

SAM SPARKS
UNITED STATES DISTRICT JUDGE